IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD L. THOMPSON,<br><br>   *Plaintiff*,<br><br>*v*.<br><br>D.C. HOUSING FINANCE AGENCY AND MILTON BAILEY,<br><br>   *Defendants.* | Case No.: 1:05CV01132 |

**D.C. HOUSING FINANCE AGENCY'S AND MILTON BAILEY'S
<u>RULE 12(b)(6) MOTION TO DISMISS</u>**

Defendants D.C. Housing Finance Agency ("DCHFA") and Milton Bailey respectfully move this Court to dismiss Plaintiff Donald Thompson's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                 Respectfully submitted,

                 /s/
                 Jeffrey W. Larroca #453718
                 Charles W. Chotvacs #484155
                 Ballard Spahr Andrews & Ingersoll, LLP
                 601 13th Street, N.W.
                 Suite 1000 South
                 Washington, D.C.  20005
                 (202) 661-2200 / (202) 661-2299 [Fax]

June 15, 2005
                 *Counsel for D.C. Housing Finance Agency
                 and Milton Bailey*

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of D.C. Housing Finance Agency's and Milton Bailey's Rule 12(b)(6) Motion to Dismiss, Memoranda of Points and Authorities in Support, and Proposed Order were, on this 15th day of June, 2005, electronically filed with the Court and mailed, first-class postage prepaid, to:

Donald Thompson
5600 54th Avenue
Apt. 104
Riverdale, MD  20737
*Pro Se Plaintiff*

 

/s/
Charles W. Chotvacs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD L. THOMPSON,<br><br>       *Plaintiff*,<br><br>v.<br><br>D.C. HOUSING FINANCE AGENCY AND MILTON BAILEY,<br><br>       *Defendants.* | Case No.: 1:05CV01132 |

**MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF
D.C. HOUSING FINANCE AGENCY'S AND MILTON BAILEY'S
<u>RULE 12(b)(6) MOTION TO DISMISS</u>**

Defendants D.C. Housing Finance Agency ("DCHFA") and Milton Bailey respectfully request that this Court grant their Rule 12(b)(6) motion to dismiss Plaintiff Donald Thompson's complaint for failure to state a claim upon which relief can be granted.

**I.   <u>FACTS</u>**

The facts asserted in Plaintiff Donald Thompson's complaint are sparse—three sentences in total: "I was sexually harassed and assaulted on my job by a fellow co-worker William Butler in May-04. The Director of the Agency Milton Bailey was upset with me because I filed a complain [sic]. On 06/23/04 he fired me for no reason."

**II.   <u>ARGUMENT</u>**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and dismissal is only appropriate if the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief.  See FED. R. CIV. P. 12(b)(6); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The Court must accept as true all well-pleaded factual allegations and grant plaintiff the benefit of all *reasonable* inferences that can be derived from the alleged facts.  *Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 77 (D.D.C. 2003) (emphasis in original).  However, the Court need not accept inferences or conclusory allegations unsupported by the facts set forth in the complaint, nor legal conclusions cast as factual allegations.  *Andrx Pharms., Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 805 (D.C. Cir. 2001).

### A.   Plaintiff's Complaint Fails to State a Cognizable Claim Because No Retaliation Is Alleged to Have Occurred

Mr. Thompson's three sentence complaint fails to follow the dictates of Rule 8(a)(2) by failing to state a claim for relief, and, as such, must be dismissed.  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (stating that "All that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is ordinary, nonlegalistic) English, of the legal claim").  Accordingly, "[a] motion to dismiss under Rule 12(b)(6) tests . . . whether the plaintiff has properly stated [such] a claim."  *Chandamuri*, 274 F. Supp. 2d at 76.  In this case, however, no such statement has been alleged.

Mr. Thompson fails to state *any* claim sufficient to entitle him to relief.  All that Mr. Thompson alleges in his complaint is a brief rendition of facts that have no consequence.  First,

Mr. Thompson states that he was sexually harassed and assaulted at work.[1]  Second, he asserts that Mr. Bailey was upset with the filing of a complaint.  And third, Mr. Thompson says that he was fired from his job for no reason.  Even under our system of notice pleading, and the most liberal reading of Rule 8(a)(2), more is required.  The facts here do not demonstrate cognizable rights.  *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 328 (4th Cir. 2001) (noting that "While we certainly do not expect plaintiffs to prove a claim in their complaint, they must state a claim therein").  Mr. Thompson does not allege that he was fired from his job *because of* his filing of a complaint.  In fact, he says there was no reason at all for his termination.  Moreover, he does not identify the nature of his complaint.

Accordingly, Mr. Thompson's complaint should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the D.C. Housing Finance Agency and Milton Bailey respectfully request that this Court grant their Rule 12(b)(6) Motion to Dismiss Plaintiff's complaint.

---

1.    Mr. Thompson's charge of sexual harassment is the basis for his action before this Court in *Donald Thompson v. D.C. Housing Finance Agency et al.*, Case No. 1:04CV1150, which asserts claims under Title VII against both the DCHFA and Mr. Bailey.  As such, it cannot be used as an additional basis by Mr. Thompson to survive this motion to dismiss.

                                        Respectfully submitted,

                                        _____/s/_____

                                        Jeffrey W. Larroca #453718
                                        Charles W. Chotvacs #484155
                                        Ballard Spahr Andrews & Ingersoll, LLP
                                        601 13th Street, N.W.
                                        Suite 1000 South
                                        Washington, D.C.  20005
                                        (202) 661-2202 / (Fax) 661-2299

June 15, 2005

                                        *Counsel for D.C. Housing Finance Agency and Milton Bailey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DONALD L. THOMPSON,

    *Plaintiff*,

v.                                                                                    Case No.: 1:05CV01132

D.C. HOUSING FINANCE AGENCY AND
MILTON BAILEY,

    *Defendants.*

_____

## PROPOSED ORDER

AND NOW, upon consideration of Defendants' Rule 12(b)(6) Motion to Dismiss, and the record in this case, it is hereby ORDERED that Defendants' motion is GRANTED and Plaintiff's Complaint is thereby dismissed.

_____                                    _____
Date                                                                                  United States District Judge

A copy of the foregoing order shall be mailed to:

| | |
|---|---|
| Jeffrey W. Larroca | Donald Thompson |
| Charles W. Chotvacs | 5600 54th Avenue |
| Ballard Spahr Andrews & Ingersoll, LLP | Apt. 104 |
| 601 13th Street, N.W. | Riverdale, MD  20737 |
| Suite 1000 South | *Pro Se Plaintiff* |
| Washington, D.C.  20005 | |
| *Counsel for D.C. Housing Finance Agency and Milton Bailey* | |

DC_DOCS_A #1163720 v2

Case 1:05-cv-01132-JR    Document 2    Filed 06/15/2005    Page 8 of 8