IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD L. THOMPSON,

      *Plaintiff*,

v.

D.C. HOUSING FINANCE AGENCY AND
MILTON BAILEY,

      *Defendants.*

Case No.: 1:05CV1132 (JR)

### D.C. HOUSING FINANCE AGENCY'S AND MILTON BAILEY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR <u>RULE 12(b)(6) MOTION TO DISMISS</u>

      Plaintiff Donald Thompson has not opposed Defendants D.C. Housing Finance Agency's ("DCHFA") and Milton Bailey's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants, therefore, request that this Court grant their motion as conceded.

      On June 15, 2005, DCHFA and Mr. Bailey filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion argued that Mr. Thompson's complaint failed to state a cognizable claim and, therefore, failed as a matter of law. Under Local Rule 7(b), Mr. Thompson had 11 days in which to file his opposition to the motion, plus an additional three days pursuant to Rule 6(e) of the Federal Rules of Civil Procedure because service was made via first-class mail—or until June 29, 2005. As of today's date, August 4, 2005, no opposition has been received by counsel, nor does the Court's docket sheet show any

entries for an opposition following the filing of the DCHFA's and Mr. Bailey's motion. *See* PACER Docket Sheet, dated August 4, 2005 (attached hereto as Exhibit A).

DCHFA's and Mr. Bailey's motion to dismiss has been conceded and this Court should enter judgment for DCHFA and Mr. Bailey. Pursuant to Local Rule 7(b), a party's failure to oppose a motion may serve as a concession. "If such a memorandum [in opposition] is not filed within the prescribed time, the Court may treat the motion as conceded." L. CIV. R. 7(b). A party who fails to file a timely response "is deemed to have waived his opposition to the [motion]." *Weil v. Seltzer*, 873 F.2d 1453, 1459 (D.C. Cir. 1989); *accord Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002). Furthermore, "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

For the foregoing reasons, DCHFA and Milton Bailey respectfully request that this Court grant their motion to dismiss for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/
Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
(202) 661-2200 / (202) 661-2299 [Fax]

August 4, 2005

*Counsel for D.C. Housing Finance Agency and Milton Bailey*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of D.C. Housing Finance Agency's and Milton Bailey's Supplemental Memorandum in Support of Their Rule 12(b)(6) Motion to Dismiss was, on this 4th day of August, 2005, electronically filed with the Court and mailed, first-class postage prepaid, to:

Donald Thompson
5600 54th Avenue
Apt. 104
Riverdale, MD  20737
*Pro Se Plaintiff*

/s/
Charles W. Chotvacs